FEDERAL COMPRESS & WAREHOUSE
COMPANY et al., Plaintiff,

v.

UNITED STATES of America et al.,
Defendant.

Civ. No. 69–305.

United States District Court,
W. D. Tennessee, W. D.

Nov. 24, 1970.

Leslie A. Nicholson, Memphis, Tenn., Charles B. Myers, Chicago, Ill., for plaintiff Fed. Compress & Warehouse.

Roane Waring, Jr., Memphis, Tenn., R. H. Stahlheber, St. Louis, Mo., for Missouri-Pacific R. R. Co.

Richard W. McLaren, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., for defendant United States.

Fritz R. Kahn, Gen. Counsel, Washington, D. C., James F. Tao, Atty., Interstate Commerce Comm., Washington, D. C., for Interstate Commerce Commission.

James M. Manire, Memphis, Tenn., W. W. Blackledge, Lubbock, Tex., for Cotton Plains Asso.

Martin Cassell, Chicago, Ill., Lovick P. Miles, Memphis, Tenn., for Chicago, Rock Island & Pacific Railroad Co.

Richard J. Schreiber, Chicago, Ill., James M. Manire, Memphis, Tenn., for Fort Worth & Denver Railway Co.

John E. McCullough, W. Bruce Kopper, St. Louis, Mo., F. J. Steinbrecher, Chicago, Ill., James M. Manire, Memphis, Tenn., for St. Louis-San Francisco Railway Co. and The Atchison, Topeka & Santa Fe Railway Co.

Before PHILLIPS, Chief Circuit Judge, BROWN, Chief District Judge, and McRAE, District Judge.

PER CURIAM.

This case is before the court for a judicial review of the Report and Order of the Interstate Commerce Commission issued after an en banc hearing. Allowances for Trucking Bales Cotton, Ark., Okla., Texas, 329 ICC 786 (1967). The proceedings and investigation before the ICC concerned the freight allowances made by rail carriers to shippers of baled cotton.

Section 15(13) of the Interstate Commerce Act permits a carrier to make al-

lowances according to published tariffs and in amounts "no more than is just and reasonable" if an owner (shipper) renders service in connection with property transported by the carrier. The section also empowers the Commission to "determine what is a reasonable charge and the maximum to be paid by the carrier," 49 U.S.C. § 15(13).

The method of handling and processing cotton lends itself to the use of allowances because cotton is originally ginned and packed in large bales near its growing point and then usually moved from the gin to a compress for more compact baling before being shipped to its final destination. The allowances are based upon movement of the originally baled cotton, which is moved directly from the gin to the compress (transit point), by means other than rail service, thereby avoiding a relatively short rail haul.

In the instant case the plaintiff, Federal Compress & Warehouse Company, attacks the allowance system and methods of those railroads using what is known as the Frisco Allowance System. That system provides for a freight allowance based upon the distance between certain Frisco rail origin points and the Frisco transit points, even though the gin is not located closest to a Frisco rail origin point and even though the baled cotton is not actually tendered to the rail origin point on the Frisco line.

The plaintiff compress is supported in its position by the Missouri-Pacific Railroad as an intervening plaintiff. The Missouri-Pacific does not publish allowance tariffs for all of its rail origin points and limits the allowances which it pays to those shipments ginned at gins located nearer to a Missouri-Pacific station than to the station of another railroad.

Primarily, the plaintiff and intervening plaintiff assert that the decision of the Commission approving the Frisco al-

lowances was arbitrary and a misapplication of the law as set forth in Section 15(13) of the Interstate Commerce Act. Similarly, it is contended that the Frisco allowance system amounts to an extension of the line of the railroad without a certificate of convenience and necessity, in violation of Section 1(18) of the Interstate Commerce Act, 49 U.S.C.A. 1 (18).

The plaintiff, Federal Compress, also argues that the approval of the allowance was unlawful because it violated 49 U.S.C. 3(1) by giving or causing an undue or unreasonable preference to competing compresses, thereby subjecting the plaintiff to undue or unreasonable prejudice or disadvantage due to its location.

Alternatively, the plaintiff and intervening plaintiff contend that there is not substantial evidence to support the findings of the Commission, particularly with regard to its finding that the allowances were just and reasonable as required by Section 15(13) of the Interstate Commerce Act.

One of the limited functions of a judicial review of administrative orders is to determine if errors of law have been committed. Scripps-Howard Radio, Inc. v. F. C. C., 316 U.S. 4, 10, 62 S.Ct. 875, 86 L.Ed. 1229 (1941). Judicial review of an administrative board conclusion is also based upon a consideration of whether it has a rational basis and is supported by substantial evidence. Gilbertville Trucking Co. v. U. S., 371 U.S. 115, 126, 83 S.Ct. 217, 9 L.Ed.2d 177 (1962).

Upon consideration of all of the issues, we are of the opinion that there is no error of law in the report and order of the Interstate Commerce Commission and the decision is supported by substantial evidence. Therefore, the order approving the Frisco allowance system should not be annulled or set aside in whole or in part.